UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM RICHARD KALLINEN,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C17-5972 JCC-BAT

**REPORT AND RECOMMENDATION**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found schizophrenia disorder and methamphetamine induced psychosis are severe impairments; plaintiff retains the RFC to perform work at all exertional levels subject to several non-exertional limitations; plaintiff cannot perform past relevant work but is not disabled because he can perform other work in the national economy. Tr. 22-30. The ALJ's decision is the Commissioner's final decision. Tr. 1.

Plaintiff argues the ALJ misevaluated the opinions of Kirk Johnson, Ph.D. and Wendy Hartinger, PsyD., and that the Court should remand the case for an award of benefits. Dkt. 13 at 1, 7. The Commissioner agrees the ALJ misevaluated Dr. Johnson's opinions but correctly discounted Dr. Hartinger's opinions. Dkt. 14 at 2. The Commissioner contends the Court should remand the case for further administrative proceedings. As discussed below, the Court

REPORT AND RECOMMENDATION - 1

1 recommends **REVERSING** and **REMANDING** the matter for calculation of an award of
2 benefits under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner concedes the ALJ harmfully erred by giving great weight to Dr. Johnson's opinions but failing to acknowledge, discuss, or account for the limitations the doctor assessed. Dkt. 14 at 2. Dr. Johnson evaluated plaintiff twice and opined plaintiff is markedly limited in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; communicate and perform effectively in a work setting and complete a normal workday or workweek without interruptions from psychologically based symptoms. Tr. 230, 282. The form Dr. Johnson used in his evaluations state a "marked" limitation "means a very significant limitation on the ability to perform one or more basic work activities." Tr. 230. Dr. Johnson also performed a mental status examination and found plaintiff was not within normal limits as to orientation ("did not know date"); perception ("auditory hallucinations"); memory ("could not recall three words after 5 minute delay"); concentration ("multiple errors with serial 7's –over two minutes"); and abstract thought. Tr. 231.

In a case like this one where the ALJ commits reversible error, the Court may remand for further proceedings or to award benefits. *See Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir. 1990). Three elements must be satisfied for a court to remand for an award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

1  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The third requirement "incorporates

2  what is known as the credit-as-true rule, namely that there are no outstanding issues that must be

3  resolved before a determination of disability can be made." *Id.* at n.26. A district court abuses its

4  discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the

5  record afford[s] no reason to believe that [the claimant] is not, in fact, disabled." *Id*. at 1021.

6       The ALJ gave great weight to Dr. Johnson's opinions. The doctor's opinions establish

7  plaintiff is disabled. The Commissioner does not argue plaintiff can work with the limitations Dr.

8  Johnson assessed. Rather the Commissioner argues Dr. Johnson's opinions should be revisited

9  because there are conflicts between Dr. Johnson's opinions, plaintiff's work history, and Dr.

10 Hartinger's opinions. The Commissioner also argues the ALJ did not indicate whether he found

11 Dr. Johnson's opinions consistent with the record, and whether he intended to give full weight to

12 all limitations the doctor assessed. Dkt. 14 at 4-5. Ergo, the Commission argues the record

13 contains "gaps" and the Court should remand for further proceedings. *Id*. at 5-6.

14      The Court rejects these arguments. The Commissioner argues there are conflicts affecting

15 Dr. Johnson's opinions. But this is the Commissioner's post hoc argument, not the ALJ's

16 finding. The ALJ is responsible for determining credibility, resolving conflicts in medical

17 testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

18 1995). This is what the ALJ did in assessing great weight to Dr. Johnson's opinions. The Court

19 must defer to the ALJ's factual findings. *See Flake v. Gardner*, 399 F.2d 532, 540 (9th

20 Cir.1968). Hence, the Commissioner cannot now argue the great weight the ALJ gave the

21 opinion should be reweighed by the Court, or ask the Court to substitute its judgment for that of

22 the ALJ in order to find gaps in the record. *See e.g., Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

23 Cir. 2002). But that is what the Commissioner asks in requesting the Court to find things in the

REPORT AND RECOMMENDATION - 3

record that might affect the finding the ALJ made. Likewise, the ALJ's assessment of Dr. Johnson's opinions is not ambiguous, as the Commissioner suggests, and do not need further development. The ALJ gave Dr. Johnson's opinions great weight, plain and simple, and the Court will not create ambiguities where none exists.

Although plaintiff argues the ALJ also erred in his treatment of Dr. Hartinger's opinions, the Court need not discuss the argument. Even if the Court assumed the ALJ correctly discounted the opinion, that determination does not alter the plain fact that the ALJ gave great weight to Dr. Johnson's opinions establishing disability.

In short, unlike cases in which the ALJ's erroneous rejection of a limitation results in the omission of a limitation that the ALJ must assess on remand, this case involves the ALJ's admitted proper determination that Dr. Johnson's opinions should be given great weight. The Court recommends remanding with direction for an immediate award of benefits because (**1**) the ALJ, without qualification, gave great weight to Dr. Johnson's opinions; (**2**) the doctor's opinion and the ALJ's adoption of it is clear; there are no ambiguities that must be resolved before a determination of disability can be made; and (**3**) it is clear that if Dr. Johnson's opinion is credited with the weight the ALJ has already assigned, plaintiff is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

## CONCLUSION

For the reasons above, the Court recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for an immediate award of benefits under sentence four of 42 U.S.C. § 405(g).

Any objection to this Report and Recommendation must be filed and served no later than **August 10, 2018.** If no objections are filed, the matter will be ready for the Court's consideration

REPORT AND RECOMMENDATION - 4

on **August 10, 2018**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 27th day of July, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5